[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: POST-JUDGMENT MOTIONS
The following orders are entered pertaining to Motions numbered 338, 339, 325, 341, 331, and 337, and supersede all prior orders of the Court relating to parenting issues:
I. CUSTODY
A. The parties shall have joint legal custody of the two minor children CT Page 6173 with primary residence to the father.
B. The parents shall consult with each other as often as may be necessary with respect to the education, religious training, welfare, and all other matters relating to their children, whose well-being and development shall at all times be of paramount consideration to the parties.
If either parent shall have knowledge of any illness accident or other matters seriously affecting the well-being of their children, he or she, as the case may be shall promptly notify the other. Neither parent shall engage any mental health or other professional for the children without prior consultation with and notification to, the other parent. Both parents shall have access to any such professional chosen. However, if after making a good faith effort to confer the parents cannot agree on any issue referred to herein, the father shall have the ability to make the final decision, such authority not to be invoked without reasonable cause.
C. The mother shall be notified of all school and extracurricular events so that she can participate. She shall have full access to the children's school and medical records. The mother shall be on the school's emergency contact list if the father is unavailable.
D. The parents shall each provide the other with at least 90 days written notice of intent to relocate beyond a 30 mile radius of their current address.
E. Neither party shall speak in a negative manner about the other to their children.
F. The parties shall have the right of reasonable telephone contact with the children when they are with the other party.
G. In the event the parties wish to modify this order, they must first confer with the children's guardian ad litem prior to seeking court intervention.
H. The child Laura shall continue with her present educational placement at Hamden Hall.
II. ACCESS SCHEDULE
A. Regular Weekly Schedule: The Mother shall have the minor child, Laura, from after school (or camp during the summer months) at 3:00 p.m. on Monday and Wednesday until 7:00 p.m., and on alternating weekends from CT Page 6174 Friday at 3:00 p.m. until Sunday at 6:00 p.m.
B. Holidays:
1. Christmas. The Mother shall have the Christmas day holiday with the minor child, Laura, each year from 9:00 a.m. until 8:00 p.m. (unless the holiday occurs during the Mother's regularly scheduled time with the child). Jacqueline shall be encouraged to participate in this visit.
2. School Winter Break. The parties shall alternate the first and second weeks of the child's school winter break each year. The Father shall have the first week of the break from after school until 9:00 a.m. on the middle day of the break in the first year of this Order, and the parties shall alternate the first and second weeks annually thereafter.
3. Passover. The Father shall have the first night preceding the holiday and the second night of Passover each year.
4. School Spring Break. The Mother shall have the child for the first half of the Spring Break each year and the Father shall have the child for the second half of the Spring break. The transfer shall be at the same times as for the school winter vacation.
5. Memorial Day. Memorial Day 2002 shall be with the Father, and the holiday will be alternated annually thereafter with the Mother's time running from 9:00 a.m. to 7:00 p.m.
6. July 4th. July 4, 2002 shall be with the Mother (from 9:00 a.m. to 9:00 p.m.), and the holiday will be alternated annually thereafter.
7. Labor Day. The Father shall have the minor child, Laura, for Labor day 2002, and the holiday will be alternated annually thereafter with the Mother's time running from 9:00 a.m. to 7:00 p.m.
8. Father's Day/Mother's Day. The minor child, Laura, shall be with her respective parent on these holidays, with the Mother's access time starting at 10:00 a.m. until 7:00 p.m.
9. Rosh Hashanah/Yom Kippur. The Father will have the children on these holidays each year.
C. Summer Vacations. The parties shall confer not later than May 1 of each year regarding the vacation weeks each wishes to take with the child during the summer months. Unless otherwise agreed, each parent shall have the child for up to three (3) nonconsecutive weeks during the summer months. The vacation weeks shall run from Monday to Monday and shall be CT Page 6175 selected to encompass each parent's regularly scheduled weekends. If the child continues in a summer camp program, each parent shall attempt in good faith to arrange vacation times so as to maximize the child's attendance in her summer program. Each parent shall provide the other with a full itinerary prior to any planned vacation, including the designation, lodging arrangements and telephone access numbers to enable contact with the children and the other parent, and details regarding any departure and return flights and times (if any).
D. Visitation between the Mother and the minor child Jacqueline:
Jacqueline shall at all times be encouraged to join her sister Laura's visits with their mother.
III. DRUG/ALCOHOL TESTING
A. The Mother shall present herself and submit to alcohol and drug testing at the Substance Abuse Treatment Unit ("SATU") at Long Wharf Drive in New Haven, Connecticut, subject to the following protocols and conditions:
1. The random testing may take place at diverse times of the day and on various days of the week (including weekends) at the discretion of representatives of SATU.
2. Upon notification by an SATU employee, the Mother shall have four (4) hours to present herself for testing at SATU, or, if notification has come to her during the work day, she shall have up to one hour to present herself at SATU following the end of her work day or regularly scheduled health appointment following work. The Mother shall notify Mr. David Chambers if she intends to be out of the area and her plans shall be accommodated.
3. The SATU testing technician shall personally observe the collection of the samples to be tested and shall verify in writing, compliance with this requirement. Chain of custody provisions shall be utilized and shall be certified in accordance with the procedures regularly utilized by SATU. The parties understand that analysis of all samples shall be performed by the Hartford Hospital laboratory.
4. Tests to be utilized shall consist of blood analysis, urinalysis and breathalyzer.
5) All samples shall be analyzed in accordance with the standards and procedures of the United States Department of Transportation. For the purposes of the tests, the recommended minimum concentrations for drug CT Page 6176 detection shall be followed.
6. The samples obtained from the Mother shall be analyzed for: the 10-Panel test, all synthetic opiates (including Percocet, Percodan, Vicodin, Halcion, Demerol and Oxycontin), Soma, Ambien, Zanax, Centrix, Flexeril and Trazadone (which the Mother presently takes by way of prescription) and Valium, Ativan and Lomotil. The Mother shall also be tested for alcohol by way of breathalyzer.
7. The results of the testing shall be simultaneously reported as soon as possible and shall thereafter, as soon as practicable, be distributed to all counsel and the Guardian ad Litem, by Mr. Chambers. Dr. Austin is hereby authorized to disclose to Mr. Chambers (and an SATU representative if necessary) the medication(s) the Mother presently takes by his prescription.
8. Dr. Austin and Mr. Chambers shall make a joint report to the Guardian ad Litem and to the court of the results of the Mother's testing at SATU. Copies shall be simultaneously distributed to the parent's counsel.
9. The random, weekly testing at SATU shall continue for nine months and shall not be continued except by further order of the court. The Father shall be responsible for and pay in timely fashion all costs associated with the testing, including the reasonable fees charged by Dr. Austin and Mr. Chambers.
10. Visitation with the minor child is not contingent upon the testing or the results.
IV. CHILD SUPPORT
A. The Mother is ordered to pay to the Father child support for the two minor children in the amount of $72.00 per week pursuant to a contingent wage withholding order.
V. GUARDIAN AD LITEM FEES
A. Each party shall pay one-half of the total fees owed to the minor child's guardian ad litem for services rendered from November 1999 through the conclusion of the pending hearing on the post-judgment motions. The court finds the total fees owed to the guardian ad litem to be $22,655.18. Each party is to pay their respective share within 30 days from date.
VI. CONTEMPT
CT Page 6177
A. Neither party is found to be in contempt of court.
VII. DOCTOR BURTON AUSTIN'S FEES
The court finds Dr. Burton Austin's fees to be $9,464.00. As previously ordered by the court on September 14, 1999, the Father is to be solely responsible for same. He is further ordered to save the Mother harmless from any and all claims concerning said fees.
VIII. COUNSEL FEES
No counsel fees are awarded to either party.
_________________ CUTSUMPAS, J.